IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

INGO SEEBACH,

                    Plaintiff,

v.                                                  CIVIL ACTION NO.  2:09-cv-00326

SEEBACH AMERICA, INC.,

                    Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are the plaintiff's Motion for Summary Judgment [Docket  27] and the plaintiff's Motion to Strike Defendant Seebach America, Inc.'s Cross Motion for Summary Judgment [Docket 34].  For the reasons provided below, the court **DENIES** the plaintiff's Motion for Summary Judgment.  The court **GRANTS** the plaintiff's Motion to Strike Defendant Seebach America, Inc.'s Cross Motion for Summary Judgment.  The court hereby notifies plaintiff of its intent to dismiss the conversion claim *sua sponte* and gives him 14 days to respond.

I.      **Background & Procedural History**

This case arises out of a financial transaction between Bela Seebach, father of the plaintiff, and the defendant Seebach America, Incorporated.

In 2003, after working together for many years at their family company, Seebach GmbH, Bela Seebach and his brother Stefan Seebach founded Seebach America, Inc., a subsidiary of Seebach GmbH.  Both brothers lived in Germany and continued to work at Seebach GmbH.  As

founders of Seebach America, Inc., both brothers "loaned or invested various sums in the company from time to time." (Def.'s Mem. in Opp. to Pl.'s Mot. for Summ. J., at 4.) Specifically, the brothers each provided the following sums to the defendant: (1) $90,000 on December 31, 2006; (2) $160,000 in 2007; and (3) $200,000 in August of 2006. The defendant repaid each brother's $90,000 infusion in 2008 and repaid Bela's $160,000 infusion in March 2008, although the defendant now contends that this repayment was in error because the $160,000 was a non-reimbursable capital contribution. The current dispute is over repayment of the third infusion. The plaintiff alleges that this was a loan while the defendant claims that the $200,000 was another non-reimbursable capital contribution.

In early spring of 2008, Bela Seebach requested that the defendant repay him $360,000 which he considered an outstanding loan. In April 2008, the defendant paid Bela approximately $160,000 and Bela asked that the outstanding $200,000 be repaid as soon as possible. The defendant now asserts that the $160,000 payment was in error because the entire $360,000 consisted of capital contributions rather than personal loans to the company. On April 10, 2008, in a signed writing, Bela Seebach assigned a "debt claim" of $200,000 to his son, Ingo Seebach, the plaintiff in this case. Also in spring of 2008, Bela and Stefan Seebach negotiated the transfer all of Bela Seebach's interests in Seebach America to Stefan Seebach. On April 28, 2008, the parties executed an Agreement of Sale, transferring Bela's interest in Seebach America to Stefan Seebach for approximately $22 million.

In August 2008, the plaintiff repeatedly sought to collect the $200,000 debt and the defendant, Seebach America, as well as its parent company, Seebach GmbH, denied these requests. The plaintiff filed the instant diversity action in this court on April 1, 2009 claiming breach of

contract and conversion.  The plaintiff filed a Motion for Summary Judgment [Docket 27] on July 20, 2010, and the defendant filed a Response in Opposition to the Plaintiff's Motion for Summary Judgment [Docket 31] on August 16, 2010.  The defendant's Memorandum in Support of Opposition also made reference to a "Cross Motion for Summary Judgment" [Docket 31].  The plaintiff then filed a Reply to the Response in Opposition [Docket 33] and a Motion to Strike Defendant Seebach America, Inc.'s Cross Motion for Summary Judgment [Docket 34].

Inasmuch as the defendant's Opposition to the Plaintiff's Motion for Summary Judgment and accompanying Memorandum of law can be considered a "cross motion for summary judgment," the court notes that this motion was filed nearly a month after the July 20, 2010 deadline set forth in the court's Scheduling Order [Docket 22].  Moreover on August 3, 2010, after the plaintiff had already filed his Motion for Summary Judgment, the parties filed a Joint Motion for Enlargement [Docket 29] which specifically requested additional time to complete briefing on the plaintiff's pending summary judgment motion.  The defendant did not request any additional time to file a summary judgment or any other dispositive motion and the defendant has  not provided any justification for this tardy filing, but instead contends that because Seebach's cross motion is "procedurally and substantively" the equivalent of a response in opposition to the plaintiff's Motion for Summary Judgment, the submission is timely.  As a responsive motion, the defendant's filing was timely, and the court has considered all of the defendant's arguments opposing the plaintiff's Motion for Summary Judgment.  As a cross motion for summary judgment, however, the defendant's filing was not timely.  Accordingly, the plaintiff's Motion to Strike Defendant Seebach America, Inc.'s Cross Motion for Summary Judgment is **GRANTED.**

## II.    Legal Standard for Summary Judgment Motions

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor."  *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

## III.    Discussion

-4-

The plaintiff asserts that he is entitled to summary judgment as a matter of law because no genuine issue of material fact exists as to the existence and breach of a contract or the validity of Bela Seebach's assignment to the plaintiff.  According to the plaintiff, Bela Seebach, entered into an unwritten contractual loan agreement with the defendant and Bela Seebach then assigned his rights under this contract to the plaintiff and the defendant breached the contract by failing to repay the loan.  In response, the defendant asserts that there are genuine issues of material fact as to the existence of a contract between the parties and a valid assignment.

### A.    *The Plaintiff's Breach of Contract Claim*

Under West Virginia law, generally "disputes about whether a contract has or has not been formed as the result of words and conduct over a period of time are quintessentially disputes about 'states of mind,' since they involve not only the subjective intentions had by the several parties but what 'states of mind,' what understandings, their manifestations of intention may have induced in others. These subjective states and objective manifestations of intention present interpretive issues traditionally understood to be for the trier of fact." *Charbonnages de France v. Smith*, 597 F.2d 406, 414-15 (4th Cir. 1979).  The plaintiff asserts that the parties' prior financial relationship and the defendant's records and listing $200,000 as a liability provide conclusive evidence of a valid contract.  In response, the defendant asserts that the prior relationship is not controlling because each of the "cash infusions" from Bela Seebach was distinguishable and these infusions cannot all be categorically considered either loans or capital contributions.  The facts are clear that Bela Seebach transferred $200,000 to the defendant and later demanded repayment, but this alleged contract was not reduced to writing and genuine issues of material fact exist regarding the relevant intent of the parties.  Accordingly, the court **FINDS** that there are genuine issues of material fact as to the

-5-

existence of a contract between Bela Seebach and the defendant and **DENIES** the plaintiff's Motion for Summary Judgment.

      **B.**    ***The Plaintiff's Conversion Claim***

West Virginia law recognizes conversion as "any distinct act of dominion wrongfully exerted over the property of another in denial of his rights or inconsistent therewith. . . ." *Pine & Cypress Mfg. Co. v. American Eng'g & Constr. Co.*, 125 S.E. 375, Syll. Pt. 3 (1924).   "A plaintiff cannot bring a claim for conversion unless he has a property interest in and is entitled to immediate possession of the converted item.   Moreover, in order to recover on a tort, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of [a] contract."  *Worldcom v. Byne*, 68 Fed App'x 447, 454 (4th Cir. 2003) (internal quotations omitted).

Because there is no motion to dismiss pending, the court will proceed *sua sponte*.  As is generally the case under *Fed. R. Civ. P.* 12(b)(6), the court will dismiss only if it appears beyond doubt that the plaintiff is unable to prove any set of facts that would entitle him to relief.  *See Migdal v. Rowe Price-Fleming Int'l., Inc.*, 248 F.3d 321, 325 (4th Cir. 2001).  In the present case, the plaintiff's conversion claim arises wholly from the defendants' contractual obligation to repay the plaintiff.  Because this duty exists solely by nature of contract, the plaintiff cannot establish a property interest to support a claim for conversion.  Therefore, plaintiff's conversion claim should be dismissed for failure to state a claim.  Accordingly, the court **DENIES** the plaintiff's Motion for Summary Judgment and hereby notifies plaintiff of its intent to dismiss the conversion claim and provides him with an opportunity to respond.

**IV.     Conclusion**

For the foregoing reasons, the court **DENIES** the plaintiff's Motion for Summary Judgment [Docket 27].  The court **GRANTS** the plaintiff's Motion to Strike Defendant Seebach America, Inc.'s Cross Motion for Summary Judgment [Docket 34].  The court hereby notifies plaintiff of its intent to dismiss the conversion claim *sua sponte*, gives him 14 days to respond.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          October 7, 2010

Joseph R. Goodwin, Chief Judge